**AFFIRM; and Opinion Filed February 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00542-CR

**CANTRELL LAMONT SPEARS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-63609-M**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Brown

Cantrell Lamont Spears waived a jury and pleaded guilty to robbery. *See* TEX. PENAL

CODE ANN. § 29.02(a) (West 2011). The trial court assessed punishment at ten years'

imprisonment. On appeal, appellant's attorney filed a brief in which she concludes the appeal is

wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*,

386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in

effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12

(Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We

advised appellant of his right to file a pro se response, but he did not file a pro se response. *See*

*Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases).  We agree the appeal is frivolous and without merit.  We find nothing in the record that might arguably support the appeal.

We affirm the trial court's judgment.

/Ada Brown/

ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140542F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CANTRELL LAMONT SPEARS,
Appellant

No. 05-14-00542-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-63609-M).
Opinion delivered by Justice Brown,
Justices Bridges and Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered February 25, 2015.